USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

**DURVEN DAWES,**

            Plaintiff,

   -against-

**THE CITY OF NEW YORK**
**P.O. JAMES ROMANO #1748**
**UNDERCOVER #279**
**LT. CHARLES HYLAND**
**DET. CHESS #00161**
**DET. GUEVARA #07165**
**P.O. LEE #06978**
**DET. SCHEINBLUM #UNKNOWN,**

            Defendants.
------------------------------------------------------x

Index #16-CV-1303 (JPO)(DFC)

**AMENDED COMPLAINT**

**JURY DEMAND**

Plaintiff, complaining of the Defendant(s), the City of New York, P.O. James Romano #1748, Undercover 3279, Lt. Charles Hyland, Det. Chess #00161, Det. Guevara #07165, P.O. Lee #06978, Det. Scheinblum, upon information and belief, alleges as follows:

### INTRODUCTION

1. This is an action at law to redress the deprivation under color of state, ordinance regulation, custom, and usage of rights, privileges, and immunities secured to the Plaintiff by the Fourth, Fifth, and Fourteenth amendments to the Constitution of the United States and by Title 42 U.S.C. 1983 and 1985.
2. The Plaintiff seeks monetary damage for: the false arrest, wrongful arrest, false imprisonment, assault, beating, and the refusal of the arresting police offices to seek emergency medical treatment due to the assault and asthma, detention, and malicious prosecution of Plaintiff Durven Dawes, and for the use of excessive and unnecessary force against Plaintiff, and for subjecting Plaintiff to malicious abuse of criminal process, and otherwise, for the violation of the Plaintiff's federally guaranteed constitutional and

civil rights. The Plaintiff seeks whatever relief is appropriate and necessary in order to serve the interest of Justice and assure that his remedy is full and complete.

3. The Jurisdiction of this court is invoked pursuant to and under 28 U.S.C. sections 1331 and 1363 (3) and (4) in conjunction with the Civil Rights Act of 1871, 42 U.S.C. section 1983, and under the Fourth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. section 1367 entitled Supplemental Pendent Party Jurisdiction.
5. Plaintiff request that the court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.
6. The State Law claims have a common nucleus of operative facts with the federally based claims and they arise out of the same transactions and occurrences giving rise to the Plaintiff's federally based claims and cause of action.
7. Plaintiff also invokes the jurisdiction of this court in conjunction with the Declaratory Judgment Act, 28 U.S.C section 2201, et seq. This being an action in which Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief such as deemed necessary and desirable and in the interest of justice in order to provide plaintiff with full and complete remedy for the violation of his rights.

## PARTIES

8. Plaintiff, a black male, is a resident of the City of New York. Plaintiff resides at 72 Baruch Drive, #1E, New York, New York 10002.
9. The City of New York is a municipal entity existing under the laws and Constitution of the State of New York, and was the employer of the Defendant police officers through its police department of the City of New York, and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation, and/or direction of the City of New York.
10. At all times herein, individual Defendants P.O. James Romano #1748, Undercover P.O. #279, Lt. Charles Hyland, Det. Chess #00161, Det. Guevara #07165, P.O. Lee #06978, and Det. Scheinblum # Unknown, were employed as police officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York, and the State of New York. Defendants Police Officers were the servants, agents, and employees of their co-defendant, the City of New York, notwithstanding the wrongful and illegal nature of their acts and conduct as hereafter described, were taken in

and during course of their duties and functions as New York City Police Officers and incidental to the otherwise lawful performance of the same.

11. Plaintiff has duly complied with all conditions precedent to filing of this action, within ninety days after each claim alleged in this complaint arose. A written notice of claim sworn to by plaintiff was served upon the Defendant City of New York by delivery of the notice in duplicate to the person designated by law. Hearing was requested on Plaintiff's notice of claim. At least thirty days have elapsed since the service of the various notices of claim, and adjustment or payment of the claim has been neglected or refused.

12. On or about June 12, 2014 at about 4:30 p.m. in the county and state of New York, Defendants P.O. James Romano #1748, Undercover P.O. #279, Lt. Charles Hyland, Det. Chess #00161, Det. Guevara #07165, P.O. Lee #06978, and Det. Scheinblum # Unknown intentionally targeted Plaintiff for their Buy and Bust operation. Plaintiff Durven Dawes Sr. was going about his personal business when a white female and male stopped Plaintiff asking to buy drugs. Plaintiff told them he didn't have drugs and doesn't know what they are talking about. He was dragged by five males, searched, and thrown inside a van parked on the south side of MacDougal Street where he was assaulted then driven around for hours. After he was taken to a police station house he was hereafter thrown into a cell, strip searched, with police officers looking for drugs and weapons inside his anus and told that this was standard procedure. Neither drugs nor weapons were recovered from the strip search. Before being thrown inside a cell, Defendant took plaintiff's asthma pump and asthma medication. As a result Plaintiff had difficulty breathing while confined in the cell. Plaintiff continued to ask for medical attention and was ignored for hours by Defendant Police Officers. He was not taken to the hospital and did not consent to be strip searched. No drugs were recovered from this unlawful and humiliating arrest. Plaintiff was taken to Central Booking where he was released on his own recognizance. The criminal charges were dropped months later by motion of the District Attorney's office and the criminal court judge.

Dated: October 18, 2016
New York, New York

*Durven Dawes* (signature)
Durven Dawes
72 Baruch Drive #1E
New York, New York 10002
(347) 593-4928

To:
AMANDA C. SHOFFEL
ASSISTANT TO CORPORATION COUNSEL

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10002

# VERIFICATION

**STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Index No. 16-CV-1303
**AMENDED COMPLAINT**

I, DURVEN DAWES, being duly sworn, say: I am the claimant named below. I have read the foregoing amended complaint against the City of New York and know its contents, the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and to those matters I believe to be true.

Claimant
Durven Dawes
72 Baruch Drive #1E
New York, New York 10002
(347) 593-4928

Sworn to Before Me this 18th day of Oct 2016

_____
Notary Public

WAH HEE LEI
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01LE6151951
QUALIFIED IN KINGS COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES AUGUST 28, 20__